UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL LABOR RELATIONS
BOARD,

    Plaintiff,                                    Case No. 18-13597
                                             Honorable Victoria A. Roberts

v.

ENJOI TRANSPORTATION, LLC,
PAULETTE HAMILTON, and
GREGORY LYNN,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR**
**ENTRY OF DEFAULT JUDGMENT [ECF No. 20]**

**I.    INTRODUCTION**

Before the Court is the National Labor Relations Board's ("NLRB")

Motion for Entry of Default Judgment and the Attorney Verification

supporting the allegations set forth in the Complaint. [ECF No. 20].

The NLRB's motion is **GRANTED**.

**II.    BACKGROUND**

The NLRB filed this case against Enjoi Transportation, LLC ("Enjoi")

and its two principals, Paulette Hamilton ("Hamilton") and Gregory Lynn

("Lynn"; collectively "Defendants"). Hamilton and Lynn (the "Individual Defendants") are married and live together.

The NLRB brings its complaint pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001, 3301-3308. It seeks an order: (1) declaring as fraudulent certain transfers of assets from Enjoi to Hamilton and Lynn; (2) commanding Hamilton and Lynn to reimburse Enjoi for fraudulent transfers amounting to $46,224; and (3) entering judgment against Hamilton and Lynn and in favor of the NLRB in the amount of $10,043.

Service of Defendants proved to be difficult due to the Individual Defendants' attempts to actively evade service. For example, when a process server attempted to serve Hamilton at the Individual Defendants' house on November 19, 2018, Lynn refused to accept service on Hamilton's behalf and falsely claimed that she sold him the house and no longer lived there. [*See* ECF No. 4-6, PageID.480-82]. On December 2, 2018, a different person attempted to serve Hamilton at home. When the process server knocked on the door and announced who she was, she saw Hamilton look out a window near the front door; Hamilton then moved out of sight and did not answer the door. [*See* ECF No. 4-7, PageID.486].

Notwithstanding the Individual Defendants' attempts to evade process, the NLRB was able to effectuate service on all Defendants. It served Lynn and Enjoi on November 20, 2018, [*see* ECF No. 4-6, PageID.482], and it served Hamilton on December 15, 2018, [*see* ECF No. 9, PageID.513].

Once served, Defendants did not answer or otherwise respond to the complaint within the time allotted under Federal Rule of Civil Procedure 12(a)(1)(A)(i). In fact, Defendants still have not answered the complaint.

On January 15, 2019 – per the NLRB's requests – the Clerk of this Court entered a "Clerk's Entry of Default" as to Defendants.

On February 4, 2019, NLRB filed the underlying Motion for Entry of Default Judgment against Defendants. It also filed a motion to hold the Individual Defendants in contempt for failing to comply with a Protective Restraining Order ("PRO") previously entered by the Court.

Before the Court ruled on the motions, the parties jointly requested – and the Court granted – a stay of the proceedings so the Individual Defendants could attempt to bring themselves into compliance with the PRO. Although the NLRB attempted to work with them, the Individual Defendants continued to be evasive and failed to bring themselves into

compliance with the PRO, causing the NLRB to move for an order reinstituting the motion for contempt.

On May 15, 2019, the Court held a show cause hearing. During the hearing, the Individual Defendants provided the NLRB with the information required under the PRO, and the NLRB withdrew its contempt motion.

During the hearing, Defendants requested that they be given time to respond to the outstanding Motion for Entry of Default Judgment. Although Defendants' response was nearly three months overdue, the Court granted their request and gave them until June 14, 2019 to file a response. The Court also advised Defendants that Enjoi could not proceed *pro se* and needed legal counsel to appear on its behalf.

On June 14, 2019, Defendants moved for a 30-day extension to respond to the NLRB's motion, stating that Hamilton had been in the hospital for seven days and that they needed additional time to retain legal counsel. The Court granted Defendants' request.

On July 15, 2019, the Individual Defendants filed a two-page response to the Motion for Entry of Default Judgment. The NLRB replied.

## III. ANALYSIS

Although the Individual Defendants only filed a response to the NLRB's Motion for Entry of Default Judgment, the first paragraph of their

4

response asks the Court to "set aside the entry of default judgment (sic)." The Clerk entered default against Defendants, but no default judgment has entered. Because the Individual Defendants are proceeding *pro se*, the Court construes their response liberally as a request to set aside the Clerk's entries of default. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005).

### A. Legal Standard

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." *Id.*; *see also O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003).

The criteria used to determine whether "good cause" has been shown for purposes of setting aside an entry of default are whether: (1) the default was willful (i.e., defendant's culpable conduct led to the default); (2) setting aside the default would prejudice plaintiff; and (3) defendant has a meritorious defense. *O.J. Distrib., Inc.*, 340 F.3d at 353 n.3. The Sixth Circuit has "found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *Id.* (citation omitted).

5

Moreover, entry of default against a defendant requires that the Court has jurisdiction over that defendant. "Therefore, if service of process was not proper, the court must set aside an entry of default." *O.J. Distrib.*, 340 F.3d at 353.

Applying this standard, the Court finds that Defendants are not entitled to a set aside of default. The NLRB demonstrates that it properly served Defendants, and Defendants fail to show that good cause exists to set aside the default.

**B.     The Court Will Not Set Aside the Clerk's Entries of Default**

The Individual Defendants' response/request to set aside entry of default is woefully deficient. Their filing contains conclusory statements without any factual support or citations to supporting legal authority.

Among other conclusory statements, the Individual Defendants summarily state that they: (1) were not properly served; (2) did not receive the complaint until February 8, 2019, because they were out of town the eight weeks prior to that date (i.e., from approximately November 13, 2018 to February 8, 2019); and (3) have a meritorious defense. Because the Individual Defendants fail to support these conclusory statements in any way whatsoever, they are not entitled to any weight.

Nevertheless, the NLRB demonstrates that it properly served Defendants and that all three factors for determining good cause weigh in its favor.

### i. The Clerk's Entries of Default were Properly Entered

The Individual Defendants' statement that they were not properly served is wrong. As set forth above, the NLRB served Lynn and Enjoi on November 20, 2018 [*see* ECF No. 4-6, PageID.482], and it served Hamilton on December 15, 2018 [*see* ECF No. 9, PageID.513].

Because Defendants did not answer or otherwise respond to the complaint within 21 days – as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i) – and the NLRB showed "by affidavit" that Defendants failed to plead or otherwise defend, the Clerk properly entered default against Defendants. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Moreover, even if the Court accepted the Individual Defendants' assertions that they were out of town for the eight weeks preceding February 8, 2019, the NLRB effectuated service on Defendants as set forth above – making the entries of default proper.

7

What is concerning about this, however, is that Hamilton and Lynn appear to commit perjury by stating in signed and sworn affidavits that they were out of town from approximately November 13, 2018 to February 8, 2019. Despite the fact that two different process servers provided sworn statements that they saw Hamilton and/or Lynn at their home during that time period, Defendants provide no factual details or evidence to support their statements – such as the precise dates they were out of town, the location(s) they were during those dates, or receipts or credit card statements showing out of town purchases during that time. Defendants are warned that making false sworn statements and/or providing false statements under penalty of perjury can constitute a federal and/or state criminal offense.

      **ii.**    **The Three Factors for Determining Good Cause Weigh in Favor of the NLRB and Against Setting Aside Default**

Other than summarily stating that they have a meritorious defense and that they were not properly served, the Individual Defendants do not discuss whether good cause exists to set aside their default entries. In fact, the Individual Defendants do not even mention "good cause" or the standard for setting aside an entry of default. Because the Individual

Defendants' conclusory statements are not entitled to any weight, they fail to demonstrate good cause to set aside the Clerk's entries of default.

On the other hand, the NLRB establishes that good cause does not exist under Rule 55(c) because each of the factors for determining whether good cause exists weighs in its favor and against setting aside the entries of default.

Defendants' are entirely at fault for their own default. Even though they intentionally tried to evade service of the complaint, the NLRB served Defendants. Rather than appear and defend the case against them, Defendants intentionally ignored the case and the numerous filings served on them.

Only when the NLRB moved to hold Defendants in contempt – where further noncompliance would subject Defendants to be taken into custody – did Defendants appear. They got the NLRB to temporarily withdraw the contempt motion by promising to comply with the PRO's requirements; however, after this temporary reprieve, Defendants immediately returned to being noncompliant. They remained noncompliant until the Court entered a show cause order warning them that if they failed to appear, the Court may direct the United States Marshal to take them into custody. The Individual Defendants appeared and – after requesting and receiving an extension of

9

time to retain counsel – ultimately filed the two-page response to the NLRB's Motion for Entry of Default Judgment. Despite the leniency shown and extension provided, Defendants did not retain counsel but instead decided to file their deficient response.

Through all of this, Defendants *still* have not answered the complaint and remain in default. It is clear that "the default was willful" and that the first factor weighs against a finding of good cause. *See O.J. Distrib.*, 340 F.3d at 353.

The second factor – i.e., whether setting aside the default would prejudice NLRB – also weighs against Defendants. As the NLRB says, this case does not present a situation of "mere delay." *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Rather, the longer this case drags on, the more the NLRB is prejudiced relative to other creditors with respect to the Individual Defendants' assets. Indeed, as time passes, the Individual Defendants' assets likely will be depleted by other creditors' claims, creating the possibility of nonsatisfaction of the NLRB's claims.

Finally, although the Individual Defendants summarily state that they have meritorious defenses, they fail to explain their defenses beyond stating that the alleged fraudulent transfers "were lawful," and fail to support

their conclusory statements in any way. The Individual Defendants do not dispute the facts alleged in the NLRB's complaint, which state a cause of action for fraudulent transfer. For example, the NLRB alleges and Individual Defendants fail to dispute that: (1) Enjoi's debts far exceeded its assets when, in the summer and fall of 2018, its insiders (i.e., the Individual Defendants) transferred the challenged $46,224 to themselves rather than pay the company's debts to the United States; and (2) Enjoi's operating reports to the bankruptcy court (at least once it got around to correcting the gross errors that infected its initial reports) prove that it was hundreds of thousands of dollars in debt during the relevant period.

Defendants do not have a meritorious defense.

All three factors for determining whether good cause exists under Rule 55(c) weigh against setting aside the entries of default. The Court declines to do so.

### iii. Enjoi Transportation, LLC

In addition to the reasons set forth above, the entry of default against Enjoi is also warranted because it failed to appear through licensed counsel, despite the Court warning the Individual Defendants that they could not represent Enjoi. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-03 (1993) (artificial entities – such as corporations,

11

partnerships, and unincorporated associations – may only appear in federal court through a licensed attorney); *Cadeaux Inv. LLC v. State Farm Fire & Cas. Co.*, No. 17-12453, 2019 WL 3244609, at *1 (E.D. Mich. Feb. 21, 2019) ("As a limited liability company, Plaintiff is an artificial entity that may not proceed pro se in this action."); *Bass v. Leatherwood*, No. 13-2882, 2014 WL 3952833, at *5 (W.D. Tenn. Aug. 13, 2014) ("[F]ederal courts have made clear that entities, such as corporations, limited liability companies, and unincorporated associations are not entitled to appear in court through non-attorney *pro se* litigants.").

Because Enjoi failed to appear through counsel and did not respond to the NLRB's Motion for Entry of Default Judgment, it is in default.

### C. The Court Will Enter Default Judgment Against Defendants

The Court finds that entry of default judgment against Defendants is appropriate under Fed. R. Civ. P. 55(b)(2) because: (1) Defendants' culpable conduct led to the default; (2) setting aside the default would prejudice the NLRB; (3) Defendants have no meritorious defense; and (4) Defendants still have not answered the complaint and remain in default. Moreover, the NLRB establishes the amount of damages by sworn statement (i.e., the attorney verification under penalty of perjury), and it is unnecessary to conduct a hearing for any matter under Rule 55(b)(2).

Accordingly, the Court enters default judgment against Defendants as set forth below.

## IV. CONCLUSION

NLRB's Motion for Entry of Default Judgment [ECF No. 20] is **GRANTED**.

Default judgment enters in favor of the NLRB and against Defendants:

1. The following 11 transfers, totaling $46,224, from Defendant Enjoi Transportation, LLC to Defendants Paulette Hamilton and/or Gregory Lynn are, pursuant to 28 U.S.C. §§ 3304(a) and (b), adjudged to be fraudulent:

    a. On July 27, 2018, the transfer of $5,000 in cash from Enjoi's accounts, $2,500 to Hamilton and $2,500 to Lynn;

    b. On July 31, 2018, the transfer of $900 in cash from Enjoi's general account to an unknown recipient;

    c. On August 2, 2018, the transfer of $5,000 in cash from Enjoi's general account to an unknown recipient;

    d. On September 14, 2018, a check from Enjoi to Hamilton for $5,000 from Enjoi's payroll account;

e. On September 17, 2018, the transfer of $846 in cash from Enjoi's payroll account to an unknown recipient;

    f. On September 28, 2018, a check from Enjoi to Lynn for $2,000 from Enjoi's payroll account;

    g. On September 28, 2018, a check from Enjoi to Lynn for $4,000 from Enjoi's general account;

    h. On September 28, 2018, a check from Enjoi to Hamilton for $4,000 from Enjoi's general account;

    i. On October 12, 2018, a check from Enjoi to Lynn for $2,500 from Enjoi's payroll account;

    j. On October 19, 2018, a check from Enjoi to Lynn for $7,000 from Enjoi's payroll account; and

    k. On October 31, 2018, a check from Enjoi to Hamilton for $9,978 from Enjoi's payroll account.

2. These transfers totaling $46,224 are void as fraudulent.

3. Hamilton must pay $21,478 into an escrow account – as described in paragraph 6, below – to be maintained with the Department of Treasury in the name of Enjoi Transportation, LLC.

4. Lynn must pay $18,000 into the same escrow account.

5. The Individual Defendants must, jointly and severally, pay $6,746 into the same escrow account.

6. The Individual Defendants must make payments by check, payable to the National Labor Relations Board, and sent to the NLRB's Finance Branch at 1015 Half St. SE, Washington, DC 20003. They must put the following information in the "Memo" line of their checks: "Account TAS 420X6152 – Escrow Account, Temporary Restraining Order Cases, Re: Case No. 07-CA-109025 et al."

7. Funds must be released from the Enjoi escrow account as follows:

    a. At any time after entry of this Judgment, any funds that may be found in the escrow account must be released up to the full amount owed upon the judgment of the United States Bankruptcy Court for the Eastern District of Michigan entered in Case No. 13-49751-mbm, including post-judgment interest as applicable;

    b. Upon the accrual of further sums due under the same judgment, funds sufficient to satisfy those additional amounts

owed to the NLRB must be released to the NLRB from the escrow account in satisfaction;

c. Upon motion to the Court following the entry of final judgment on the NLRB's petition for civil contempt in Sixth Circuit Case No. 12-1068, funds sufficient to pay the amounts due from Enjoi to the NLRB under that judgment, if any, must be paid to the NLRB from the escrow account in satisfaction; and

d. Any residual funds remaining in the account after full payment of money owed under subparagraphs a-c, above, must, upon motion to the Court, be released and returned to Enjoi's general accounts.

The Court will enter a separate default judgment setting forth these pertinent details.

**IT IS ORDERED**.

S/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: November 20, 2019